# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENNETH B. LONG,

        Plaintiff,

v.

MEGAN J. BRENNAN, POSTMASTER GENERAL, and UNITED STATES POSTAL SERVICE,

        Defendants.

Case No. 18-CV-1929-JPS

**ORDER**

      On December 6, 2018, Plaintiff Kenneth B. Long ("Long") filed this action *pro se* alleging that he was wrongfully discharged from his employment with the United States Postal Service ("USPS"). (Docket #1). After numerous issues relating to service of process were finally resolved, the United States Department of Justice appeared on behalf of Defendants. (Docket #11).

      On August 13, 2019, Defendant USPS filed a motion to dismiss Long's complaint. (Docket #15). Long did not file an opposition to that motion. The only submission the Court received from Long in response to the USPS's motion is a letter in which Long questions the timeliness of the defendants' response to his complaint. (Docket #17). The Court will take no action on this letter, for two reasons. First, it is not in the form of a motion, and so does not actually request any relief. If Long felt that USPS's motion to dismiss was untimely, he should have filed a motion to strike.

      Second, and more importantly, it does not present a valid opposition to USPS's motion to dismiss. It appears to the Court that the motion to

dismiss was filed within sixty days of service. Fed. R. Civ. P. 12(a)(2) (the United States and its agencies and officers must answer within sixty days of service); (Docket #10) (service accomplished on either June 13 or June 14, 2019, and so not counting the day of service, Fed. R. Civ. P. 6(a)(1)(A), the motion is timely by at least one day). Even if Long could somehow establish that the motion was filed late, it would be by only a day or two. Long's issues with service lasted for a full six months. *See* (Docket #1 through #10). A brief delay by the defendants, if any, was dwarfed by that occasioned by Long himself, and the delay was not prejudicial to Long in any way.

Therefore, the motion to dismiss filed by the USPS, seeking dismissal of Plaintiff's entire complaint, is unopposed.[1] The Court must, therefore, grant the motion as unopposed and dismiss this action. Civ. L. R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion.").

Finally, since the filing of the motion to dismiss, Long and the USPS have briefed Long's motion for summary judgment. (Docket #18 through #31). That motion is rendered immaterial by Long's failure to oppose, and the Court's granting, of the USPS's motion to dismiss. The motion for summary judgment will be denied as moot.

Accordingly,

**IT IS ORDERED** that the United States Postal Service's motion to dismiss (Docket #15) be and the same is hereby **GRANTED**;

---

[1]The motion to dismiss is presented only on behalf of the USPS itself. (Docket #16). The brief in support states that "[a]mong the three defendants named by Plaintiff, only the United States Postal Service may be a proper defendant in this action." *Id.* at 1 n.1. The brief does not explain why this is the case, but with Long's failure to respond to the motion, the Court will accept that representation as true. The Court will dismiss the entire action as to all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Docket #18) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge